IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,796




 

SELWYN PRESTON DAVIS, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. D-1-DC-06-904119


IN THE 390TH DISTRICT COURT


TRAVIS COUNTY





 Per Curiam.


O R D E R



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 390th District Court
of Travis County, Cause No. D-1-DC-06-904119, styled The State of Texas v. Selwyn Preston
Davis. On March 19, 2008, this Court abated the appeal on its own motion and ordered the trial
court to address with appellant certain matters regarding his direct appeal and his right to pursue
habeas relief. 

 With regard to his direct appeal, the court explained to appellant that, in a case in which
the death penalty has been assessed, direct appeal is automatic and cannot be waived. See Tex.
Code Crim. Proc. Art. 37.071 § 2(h). In light of this, appellant chose to continue with
appointed counsel on direct appeal. Thus, we shall now reset the due date for appellant's brief on
direct appeal. Appellant's brief is due in this Court on or before the 30th day after the date this
order issues.

 With regard to his right to file an application for writ of habeas corpus, applicant has
steadfastly maintained that he wants to waive this right. As we noted in Ex parte Reynoso, 
S.W.3d , No. AP-75,963, slip op. p. 8, n.2 (Tex. Crim. App. July 2, 2008), Texas Code of
Criminal Procedure Article 11.071 does not expressly provide that an applicant can waive his
right to pursue habeas relief. However, neither does the statute provide for automatic habeas
review. Id.; compare Art. 37.071 § 2(h)(providing for an automatic review of a death case on
direct appeal). Thus, we implicitly held that an applicant may "waive" his right to habeas review,
but that "waiver" is not truly effective until after the date on which the application is due in the
trial court has passed. See Ex parte Reynoso, slip op. p. 8, n.2. Accordingly, the trial court is
still charged with notifying this Court within ten days after the Article 11.071 statutory due date
for the application has passed should no application be filed by applicant or on his behalf. See id.


 IT IS SO ORDERED THIS THE 29TH DAY OF OCTOBER, 2008.

Do not publish